Ms. Jacqueline B. Whatley Attorney for Property Appraiser of Hillsborough County
QUESTION:
Where a homeowner's association holds fee simple title to the common areas of a subdivision and the individual lot owners in the subdivision haveeasement rights to the common areas, should the common areas be assessed to the association or to the individual lot owners?
SUMMARY:
Since the homeowner's association is neither a cooperative nor a condominium association and the individual parcel owners do not jointly own the common areas, the common areas are to be assessed separately to the association holding title to such areas. However, where the common areas and individual lots are so entwined that they are not usable without the other, the property appraiser must insure that the total valuation of the entire project is neither greater nor less than just valuation.
Your question concerns the propriety of ad valorem taxes imposed by the property appraiser on common areas of a subdivision consisting of residential lots and common areas. According to your letter, the residential lot owners hold fee simple title to the lots and are members of a homeowner's association that holds fee simple title to the common areas. The individual lot owners have easement rights to the common areas.
You indicate that the property appraiser has assessed the common areas to the homeowner's association holding legal title to the common areas. Counsel for the homeowner's association, however, has cited s. 193.023(5), F.S., and Department of Revenue v. Morganwoods Greentree, Inc.,[1] for the proposition that the common areas should be assessed to the owners of the lots in the subdivision who have easement rights to such areas.
Section 193.023(5), F.S., provides:
 In assessing any parcel of a condominium or any parcel of any other residential development having common elements appurtenant to the parcels, if such common elements are owned by the condominium association or owned jointly by the owners of the parcels, the assessment shall apply to the parcel and its fractional or proportionate share of the appurtenant common elements.
You have advised this office that the common areas are not owned by a condominium association nor are they jointly owned by the lot owners. Thus, s. 193.023(5), F.S., by its own terms, would not appear to be applicable. Nor does it appear that s. 719.114, F.S., which contains a similar provision for the common areas owned by cooperative associations or jointly owned by owners of cooperative parcels, applies.[2]
In Department of Revenue v. Morganwoods Greentree, Inc.,[3]
The Supreme Court of Florida considered the propriety of ad valorem taxes imposed on common areas of a housing project. The project consisted of residential lots owned by the individual residents. Title to the common areas, however, which consisted of the landscaping adjacent to the improvements, the sidewalks, parking areas, swimming pool, tennis courts and a playground area, was held by Tampa Villas South, Inc. (Tampa Villas). Each residential owner was granted easements in the common areas for recreation, ingress and egress, lateral support and vehicular parking. Tampa Villas was responsible for the maintenance of the common areas with each dwelling unit owner paying a maintenance fee to Tampa Villas.
The property appraiser separately evaluated the individually owned townhouses and the common areas.[4] However, while the property appraiser considered the effect of the easements in valuing the residential units, he failed to "adjust his valuation accordingly on the servient common areas."[5] By using this methodology, the property appraiser assessed the value of the common areas twice and the assessment of the development as a whole exceeded just value.
The Court required the property appraiser to consider the restrictive encumbrances held in the common areas by the lot owners when valuing those areas for ad valorem taxation and to reevaluate the property according to the following test: If the parcels of property are entwined with each other, "the total valuation of the entire project must be just valuation, no more, no less."[6] To accomplish this, the Court suggested that the common areas be separately valued and an adjustment in the value of each residential unit made. This solution was based in part on the fact that Tampa Villas could assess the individual units for the taxes that it paid on the common areas.
The test set forth in Morganwoods is not mandated in every case. However, where a development consists of individual parcels and the common areas are so entwined that one area cannot be used effectively without the other, the property appraiser is required to assess the total development so that the total value does not exceed just value.
Therefore, I am of the opinion that since the homeowner's association is neither a cooperative nor a condominium association and the individual parcel owners do not jointly own the common areas, the common areas are to be assessed separately to the association. However, where the common areas and individual lots are so entwined that they are not usable without the other, the property appraiser must insure that the total valuation of the entire project is neither greater nor less than just valuation.
[1] 341 So.2d 756 (Fla. 1976).
[2] See, s. 719.114(1), F.S. (No ad valorem tax or special assessment may be separately assessed against common areas if the common areas are owned by the cooperative association or are jointly owned by the owners of the cooperative parcels).
[3] 341 So.2d 756 (Fla. 1976).
[4] The property appraiser, in levying the ad valorem taxes against Tampa Villas on the common areas, used the cost method which is the price an owner paid for the property and the replacement value of the improvements thereon.
[5] 341 So.2d at 759.
[6] Id. And see, s. 4, Art. VII, State Const., requiring just valuation of all property for ad valorem taxation; and s. 193.011, F.S., setting forth the factors to be used by the property appraiser in assessing the just valuation of property.